**Francesco RIZZI, Plaintiff,**

v.

**EMPRESA HONDURENA DE VAPORES, S.A., Defendant and Third-Party Plaintiff,**

v.

**TODD SHIPYARDS CORPORATION and Four Boro Contracting Company, Third-Party Defendants.**

**No. 62 Civil 894.**

United States District Court
E. D. New York.

May 3, 1966.

Di Costanzo, Klonsky & Sergi, by Benjamin J. Sergi, Brooklyn, N. Y., for plaintiff.

Burlingham, Underwood, Barron, Wright & White, by William M. Kimball, New York City, for defendant.

Terhune, Gibbons & Mulvehill, by Edmund J. Fanning, New York City, for third party defendant Todd Shipyards Corp.

Joseph M. Soviero, by Raymond C. Green, New York City, for third party defendant Four Boro Contracting Co.

BRUCHHAUSEN, District Judge.

The preliminary question before the court is to determine whether or not plaintiff is entitled to the warranty of seaworthiness.

The plaintiff, a harbor worker employed by Four Boro Contracting Co., as a maintenance man was allegedly injured during the course of his work aboard the vessel M. S. Mabay. The vessel was at Todd Shipyards moored to one of its piers undergoing major repairs, overhaul and general maintenance. Todd sub-contracted the scaling work to Four Boro Contracting Co., whose foremen directed its employees, including the plaintiff, about the job. All equipment, including scaling machines and hoses, leading to shore-based compressors, was furnished by the employer. See exhibits submitted for this consideration.

In West v. United States, 361 U.S. 118, at pp. 121–122, 80 S.Ct. 189, at p. 192, 4 L.Ed.2d 161, the Court held in part:

"On the other hand, the vessels involved in the cases depended upon by petitioner were, at the times of the injuries, in the hands and under the control of the owners or charterers, and, instead of undergoing general repairs, were in active maritime service in the course of loading or unloading cargo pursuant to voyages. The workmen, like the seamen, depended upon the seaworthiness of the ships, their equipment, and gear. They were obliged to work with whatever the shipowners supplied and it was only fair for the latter to be subjected to the absolute warranty that the ships were seaworthy. But no such situation is present here. The Mary Austin, as anyone could see, was not in maritime service. She was undergoing major repairs and complete renovation, as the petitioner knew. Furthermore, he took his orders from the contractor, not the shipowner. He knew who was in control. This undertaking was not 'ship's work' but a complete overhaul of such nature, magnitude, and importance as to require the vessel to be turned over to a ship repair contractor and docked at its pier for the sole purpose of making her seaworthy. It would be an unfair contradiction to say that the owner held the vessel out as seaworthy in such a case. It would appear that the focus should be upon the status of the ship, the pattern of the repairs, and the extensive nature of the work contracted to be done, rather than the specific type of work that each of the numerous shore-based workmen is doing on shipboard at the moment of injury. The job analysis which the latter would call for would lead to fortuitous results. We, therefore, do not believe that the Sieracki line of cases is applicable, * *. Here there could be no express or implied warranty of seaworthiness to any person."

The plaintiff in this particular case is not entitled to the warranty of seaworthiness. The case shall proceed solely on the negligence cause of action.

The Clerk is instructed to place this case on the calendar of Court Room No. 2 for trial on May 9, 1966, at 10 A.M.

Submit order.